# EXHIBIT "1"

ORIGINAL

1  RICHARD E. QUINTILONE (SBN 200995)
   ALVIN B. LINDSAY (SBN 220236)
2  GEORGE A. ALOUPAS (SBN 313112)
   **QUINTILONE & ASSOCIATES**
3  22974 EL TORO ROAD, SUITE 100
   LAKE FOREST, CA 92630
4  TELEPHONE:  (949) 458-9675
   FACSIMILE:  (949) 458-9679
5  EMAIL: REQ@QUINTLAW.COM, ABL@QUINTLAW.COM, GAA@QUINTLAW.COM

FILED
Superior Court of California
County of Los Angeles

OCT 13 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Nancy Alvarez

6  Attorneys for Plaintiff MICHELLE MASON, individually, and on behalf of all employees
7  similarly situated.

8               **SUPERIOR COURT OF CALIFORNIA**

9            **COUNTY OF LOS ANGELES – CENTRAL**          **BY FAX**

10

11  MICHELLE MASON, an individual,
    individually and on behalf of all employees
12  similarly situated,

13                    Plaintiffs,

14

15

16                 vs.

17

18  EASTWESTPROTO, INC. dba LIFELINE
    AMBULANCE a California Corporation;
19  and DOES 1 to 100, Inclusive,

20

21                 Defendants.

22

23

24

25

26

27

28

| | |
|---|---|
| **Case No.:** | |
| **CLASS ACTION** | **BC 6 7 9 5 2 0** |

**Assigned for All Purposes To:**
Honorable
Dept.:

**CLASS ACTION COMPLAINT FOR**

1. **FAILURE TO PAY WAGES UNDER THE FLSA [29 USC §§ 206 AND 207];**
2. **FAILURE TO PAY OVERTIME COMPENSATION;**
3. **FAILURE TO PROVIDE MEAL PERIODS;**
4. **FAILURE TO PROVIDE REST PERIODS;**
5. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**
6. **FAILURE TO PAY WAGES FOR HOURS WORKED;**
7. **FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY;**
8. **FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES;**
9. **FAILURE TO PAY WAGES UPON TERMINATION; AND**
10. **UNLAWFUL COMPETITION AND USE BUSINESS PRACTICES.**

**DEMAND FOR JURY TRIAL**

-1-

CLASS ACTION COMPLAINT

1    Plaintiff MICHELLE MASON, on behalf of herself and all others similarly situated,

2    complains of Defendants, and each of them, and for causes of action alleges:

3    **1.    INTRODUCTION**

4    1.    This is a class action, pursuant to California Code of Civil Procedure § 382, on

5    behalf of Plaintiff and all non-exempt employees employed by, or formerly employed by

6    EASTWESTPROTO, INC. dba LIFELINE AMBULANCE, and any parents, subsidiaries or

7    affiliated companies (hereinafter collectively referred to as "LIFELINE" or "Defendants"), within

8    the State of California.    The non-exempt employees employed by, or formerly employed by,

9    Defendants within the State of California are hereinafter referred to individually as "Class

10   Members" and collectively as the "Class" or "Classes."

11   2.    For at least four years prior to the filing of this action and through to the present,

12   Defendants consistently maintained and enforced against Defendants' non-exempt employees,

13   among others, the following unlawful practices and policies, in violation of California state wage

14   and hour laws:

15            (a)    Defendants have had a consistent policy of requiring Class Members within

16                   the State of California, including Plaintiff, to work at least five (5) hours

17                   without a lawful meal period and failing to pay such employees one (1) hour

18                   of pay at the employees' regular rate of compensation for each workday that

19                   the meal period is not provided, as required by California state wage and

20                   hour laws.

21            (b)    Defendants have had a consistent policy of failing to provide Class Members

22                   within the State of California, including Plaintiff, rest periods of at least (10)

23                   minutes per four (4) hours worked or major fraction thereof and failing to

24                   pay such employees one (1) hour of pay at the employees' regular rate of

25                   compensation for each workday that the rest period is not provided, as

26                   required by California state wage and hour laws.

27

28

**CLASS ACTION COMPLAINT**

(c)     With respect to Class Members who either were discharged, laid off, or resigned, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203;

(d)     Defendants failed to maintain accurate records of Class Members' earned wages and work periods;

(e)     Defendants failed to provide overtime pay to Class Members; and

(f)     Defendants failed to reimburse employees for expenses reasonably incurred in the discharge of their duties, including for certain required personal cell phone expenses and data usage, as required by Labor Code § 2802.

3.     Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to California Labor Code §§ 201, 202, 203, 204, 210, 212, 218, 218.5, 218.6, 226, 226.7, 510, 511, 512, 558, 1174, 1194, 1197, 1197.1, 1199, 2802, and California Code of Regulations, Title 8, § 11000 *et seq.*, seeking unpaid meal and rest period compensation, overtime, expense reimbursement, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.     Plaintiff, on behalf of herself and all Class Members, pursuant to Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

2.     **PARTIES**

A.     **Plaintiff**

5.     Plaintiff MICHELLE MASON is a resident of San Bernardino County, California. At relevant times herein, she was employed by Defendants as a non-exempt employee in Riverside County, and consistently worked more than eight (8) hours a day at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class Members were employed by Defendants and worked at Defendants' locations, with assigned responsibilities including dispatching call, transporting patients and other emergency care services. Plaintiff was employed by Defendants from **March 22, 2016** to **May 11, 2017** and (1) shared similar job duties and responsibilities (2) was subjected to the same policies and practices (3)

CLASS ACTION COMPLAINT

1    endured similar violations at the hands of Defendants as the other Class Members who served in

2    similar and related positions.

3        6.    Defendants failed to record accurate time worked by these employees, and provided

4    Plaintiff and the Class Members with inaccurate wage statements that prevented Plaintiff and the

5    Class from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and

6    the Class with lawful meal and rest periods, as employees were not provided with the opportunity

7    to take uninterrupted and duty-free rest periods and meal breaks as required by the Labor Code.

8    **B.    Defendants**

9        7.    Defendant    EASTWESTPROTO,    INC.    dba    LIFELINE    AMBULANCE

10   ("LIFELINE") is a California Corporation operating in locations throughout California, including

11   Los Angeles and Orange County. Defendant provides emergency medical care and transportation

12   to sick, morbidly obese and injured people within the counties of Los Angeles, Orange and

13   Riverside. At all relevant times Defendant maintained a corporate office in Montebello, California,

14   in the County of Los Angeles. Defendant is organized and existing under the laws of the State of

15   California and licensed to do business in California, including the County of Los Angeles and the

16   County of Orange.

17       8.    The true names and capacities, whether individual, corporate, associate, or

18   otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to

19   Plaintiffs, who therefore sue Defendants by such fictitious names under California Code of Civil

20   Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the

21   Defendants designated herein as a DOE are legally responsible in some manner for the unlawful

22   acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true

23   names and capacities of the Defendants designated hereinafter as DOES when such identities

24   become known.

25       9.    Plaintiff is informed and believes, and based thereon alleges, that each defendant

26   acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

27   scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are

28

-4-

CLASS ACTION COMPLAINT

1    legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the

2    employer and/or joint employer of Plaintiffs and the Class Members.

3         10.    Venue as to each defendant is proper in this judicial district, pursuant to California

4    Code of Civil Procedure § 395.  On information and belief, Defendants operate and are doing

5    business as LIFELINE AMBULANCE throughout California and are doing business in Los

6    Angeles County, and each defendant is within the jurisdiction of this Court for service of process

7    purposes.  Defendants operate ambulance services in Los Angeles County, California.  The

8    unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the

9    State of California.  Defendants employ numerous Class Members in Los Angeles County.

10   **3.**    **FACTUAL BACKGROUND**

11        11.    Plaintiff and the Class Members are, and at all times pertinent hereto, have been

12   non-exempt employees within the meaning of the California Labor Code and the implementing

13   rules and regulations of IWC California Wage Orders.  Defendants hire hourly employees who

14   work in non-exempt positions in LIFELINE locations throughout California.

15        12.    During the course of Plaintiff and the Class Members' employment with

16   Defendants, they were not paid all wages they were owed, including for all work performed

17   (resulting in "off the clock" work) and for all overtime hours worked and were forced to work off-

18   the-clock to keep labor budgets low.  Plaintiff and the Class Members were sometimes asked to

19   work shifts over eight (8) hours and to work over forth (40) hours in a work week, and it was

20   company policy to not pay overtime. Although Plaintiff and the Class Members were paid bi-

21   weekly by Defendants, the pay never reflected any overtime hours that Plaintiff and the Class

22   Members worked, and were also required by Defendants to perform required work duties and tasks

23   without pay and while off-the-clock.  As a result, Plaintiff and the Class Members worked

24   substantial overtime hours during their employment with Defendants for which they were not

25   compensated, in violation of the California Labor Code.

26        13.    As a matter of uniform Company policy, Plaintiff and the Class Members were

27   required to work off the clock which was not compensated by Defendants in violation of the

28   California Labor Code and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et

1    seq. Plaintiff and the Class Members were also not paid regular wages and overtime for the time

2    they were required to comply with other requirements imposed upon them, which they had to

3    complete while off-duty and without compensation.

4         14.   Also, Plaintiff and the Class Members had their regular, overtime and double-time

5    pay taken away. Some class members had shift differential pay taken away, including, but not

6    limited to the Emergency Medical Technicians class and collective members. Defendants would

7    also adjust the time for the Class Members so that their hours were cut. Since Defendants did not

8    want to pay Plaintiff and the Class Members double time for shifts worked over twelve (12) hours,

9    they would simply take the hours away after 12 even though Plaintiff and the Class Members

10    worked more than twelve (12) hours. The actions of Defendants in taking away Plaintiff and the

11    Class Members' hours after 12 constitutes wage theft and is a violation of the California <u>Labor</u>

12    <u>Code</u> and the <u>Penal Code</u>. Plaintiff estimates she was not paid at least two (2) hours of regular

13    and/or overtime and/or double-time pay for the work period of May 7, 2017 to May 20, 2017.

14         15.   As a result of these requirements to work off the clock, the daily work demands and

15    pressures to work through breaks, and the other wage violations they endured at Defendants'

16    hands, Plaintiff and the Class Members were not properly paid for all wages earned and for all

17    wages when working more than eight (8) hours in any given day and/or more than forty (40) hours

18    in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class

19    Members were required to work more than eight hours on most work days and worked more than

20    40 hours in each of their work weeks, thus consistently incurring overtime hours worked, but

21    Plaintiff estimates they were not paid by Defendants for at least 2-3 hours of overtime per week.

22         16.   However, Defendants followed a policy and practice of further denying overtime

23    payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for

24    the first eight hours of the seventh consecutive work day in a week and overtime payments at the

25    rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work

26    day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

27

28

-6-

17.    Plaintiff and the Defendants' non-exempt employees were not provided lawful meal periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a)    employees were not provided full thirty-minute duty-free meal periods for work days in excess of five hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order No 9 and Wage Order No. 4;

(b)    employees were required to work through at least part of their daily meal period(s); and

(c)    employees were required to respond to emergency calls, get into and out of required clothing and protective equipment at the beginning and end of their meal periods, which resulted in them receiving less than thirty minutes of off-duty time for their meal period; and

(d)    employees were restricted in their ability to take a full thirty-minute meal period.

18.    Plaintiff and the Defendants' non-exempt employees were not provided lawful rest periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

(a)    employees were required to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

(b)    employees were required to respond to emergency calls, get into and out of required clothing and protective equipment at the beginning and end of their rest breaks, which resulted in them receiving less than ten minutes net rest time.

-7-

CLASS ACTION COMPLAINT

19.    As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiffs and the Class Members they seek to represent:

    (a)    failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203; and

    (b)    failing to maintain accurate records of Class Members' earned wages and work periods in violation of Labor Code §§ 226 and 1174(d) and Section 7 of the applicable IWC Wage Orders.

20.    Defendants' non-exempt employees spend the majority of their time doing routine non-discretionary tasks. These duties occupy more than fifty percent (50%) of the work time.

21.    At relevant times herein, the named Plaintiff and the Class Members were employed by Defendants and were paid, on information and belief, predominantly on an hourly basis.

22.    On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

23.    Defendants have made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Defendants' non-exempt employees, including Plaintiff, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code § 226, 1174(d), and section 7 of the California Wage Orders. Defendants have failed to comply with Labor Code § 226(a) by accurately reporting total hours worked by Plaintiff and the Class Members. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b).

24.    Defendants have failed to comply with section 7 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked

-8-

CLASS ACTION COMPLAINT

1    by itemizing in wage statements all deductions from payment of wages and accurately reporting

2    total hours worked by the Class Members.

3            25.    **The Fair Labor Standards Act**: The FAIR LABOR STANDARDS ACT OF 1938, as

4    amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as "FLSA"), provides for minimum

5    standards for both wages and overtime entitlement, and details administrative procedures by

6    which covered work time must be compensated. The enactment of the provisions of the FLSA

7    provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage

8    and overtime pay provisions at issue in this Complaint. According to Congressional findings, the

9    existence of labor conditions detrimental to the maintenance of the minimum standard of living

10   engenders unfair commercial competition, labor disputes, and barriers to commerce and the free

11   flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

12   **4.    CLASS ALLEGATIONS**

13           26.    Plaintiff brings this action on behalf of herself and all others similarly situated as a

14   class action pursuant to section 382 of the California Code of Civil Procedure.  Plaintiff seeks to

15   represent Classes composed of and defined as follows:

16           **All persons who are employed or have been employed by Defendants in the State of**

17           **California who, during any time from four years prior to the filing of this class action**

18           **to the present, have worked as non-exempt employees.**

19           Further, Plaintiff seeks to represent the following subclasses composed of and defined as

20           follows:

21           (a)    **Subclass 1.  Overtime Subclass.**  All Class Members who
                    worked more than eight (8) hours in a day and/or forty (40)
22                  hours in any given week and who were not paid overtime
                    compensation pursuant to the Labor Code and applicable
23                  IWC Wage Order requirements.

24           (b)    **Subclass 2.  Meal Break Subclass.** All Class Members
                    who have not been provided a meal period for every five
25                  (5) hours or major fraction thereof worked per day, and
                    were not provided one (1) hour's pay for each day on
26                  which such meal period was not provided pursuant to
                    Labor Code §§ 226.7 and 512.
27           (c)    Subclass 3.  **Rest Period Subclass.**  All Class Members
                    who have not been provided a rest period for every three

28

-9-

**CLASS ACTION COMPLAINT**

and a half (3.5) hours or major fraction thereof worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to Labor Code §§ 226.7 and 512.

(d)    **Subclass 4. Paystub Subclass.**  All Class Members who were not provided an itemized wage statement accurately showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226.

(e)    **Subclass 5.    Wage Payment Subclass.**    All Class Members who were not provided all straight time wages earned pursuant to the Labor Code and applicable IWC Wage Orders.

(f)    **Subclass 6.    Twice Monthly Pay Subclass.**  All Class Members who were not paid twice monthly in accordance with Labor Code § 204.

(g)    **Subclass 7.    Expense Reimbursement Subclass.**  All Class Members who were not reimbursed for their business expenses pursuant to Labor Code § 2802.

(h)    **Subclass 8.    Termination Pay Subclass.**  All Class Members who were not provided all wages due upon termination or resignation pursuant to Labor Code §§ 200 through 203.

(i)    **Subclass 9.    B&P Code § 17200 Subclass.**  All Class Members who were subjected to Defendants' unlawful, unfair or fraudulent business acts or practices in the form of Labor Code violations regarding overtime, meal periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

27.    Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

28.    This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a

**CLASS ACTION COMPLAINT**

1    well-defined community of interest in the litigation and the proposed Classes are easily

2    ascertainable.

3    **A.**    **Numerosity**

4    29.    The potential members of each Class as defined are so numerous that joinder of all

5    the members of the Class is impracticable.  While the precise number of Class Members has not

6    been determined at this time, Plaintiff is informed and believes that Defendants currently employ,

7    and during the relevant time periods employed, hundreds of employees in positions as Defendants'

8    non-exempt employees in California, who are or have been affected by Defendants' unlawful

9    practices as alleged herein.

10    30.    Employee turnover during the relevant periods will increase this number

11    substantially.  Upon information and belief, Plaintiff alleges Defendants' employment records

12    would provide information as to the number and location of all Class Members.  Joinder of all

13    members of the proposed Classes is not practicable.

14    **B.**    **Commonality**

15    31.    There are questions of law and fact common to each Class predominating over any

16    questions affecting only individual Class Members. These common questions of law and fact

17    include, without limitation:

18    (a)    Whether Defendants failed to pay all earned overtime and double-time in

19    violation of California Labor Code § 510(a).

20    (b)    Whether Defendants violated Labor Code §§ 226.7 and 512, section 11 of

21    the IWC Wage Orders, and Cal. Code of Regulations, Title 8, section 11000

22    *et seq.* by failing to provide a thirty-minute meal period to non-exempt

23    employees on days they worked work periods in excess of five hours and

24    failing to compensate said employees one hour's wages in lieu of meal

25    periods;

26    (c)    Whether Defendants violated Labor Code § 226.7 and section 12 of the IWC

27    Wage Orders, and Cal. Code of Regulations, Title 8, section 11000 *et seq.*

28    by failing to provide daily ten-minute rest periods to non-exempt employees

CLASS ACTION COMPLAINT -

1    for every four hours or major fraction thereof worked and failing to

2    compensate said employees one hour's wages in lieu of rest periods;

3    (d)    Whether Defendants violated sections 226 and 1174 of the <u>Labor Code</u> and

4    section 7 of the IWC Wage Orders by failing to maintain accurate records of

5    Class Members' earned wages and work periods

6    (e)    Whether Defendant failed to provide adequate kitchen or dormitory facilities

7    as required by law for non-exempt, hourly employees who worked twenty-

8    four (24) hour shifts;

9    (f)    Whether Defendants violated section 226 of the <u>Labor Code</u> and section 7 of

10    the IWC Wage Orders by failing to accurately maintain records pertaining to

11    Plaintiffs and each Class they seek to represent;

12    (g)    Whether Defendants violated section 2802 of the <u>Labor Code</u> by failing to

13    reimburse employees for expenses incurred in the discharge of their duties;

14    (h)    Whether Defendants violated section 17200 *et seq*. of the <u>Business and</u>

15    <u>Professions Code</u> by failing to provide meal and rest periods without

16    compensating non-exempt employees one hour's pay for every day such

17    periods were not provided, failing to pay compensation for denied meal and

18    rest periods due and owing at the time a Class Member's employment with

19    Defendants terminated, and failing to keep accurate records;

20    (i)    Whether Defendants violated section 17200 *et seq*. of the <u>Business and</u>

21    <u>Professions Code</u>, <u>Labor Code</u> §§ 201-203, 226.7, 512, 1174, and applicable

22    IWC Wage Orders, which violation constitutes a violation of fundamental

23    public policy; and

24    (j)    Whether Plaintiff and the Class Members are entitled to equitable relief

25    pursuant to <u>Business and Professions Code</u> § 17200 *et seq*.

26    32.    In addition, there is a well-defined commonality of interest in the questions of law

27    and of fact involving and affecting the Class Members to be represented in that all of these

28    employees have been harmed by Defendants' policies and practices.

-12-

CLASS ACTION COMPLAINT

## C. **Typicality**

33.    The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

34.    The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in a separate action.    All Class Members were subject to misclassification and failure to pay overtime and the same policies and practices was enforced uniformly against all applicable employees.    Defendants' corporate-wide policies and practices affected all class members similarly and LIFELINE benefited from the same type of unfair and/or wrongful acts as to each class member.

35.    Plaintiffs are former employees who lost overtime, double time, meal periods, and rest periods as a result of defendants' policies and practices.    Plaintiffs will fairly and adequately represent and protect the interests of all members of the class and there are no known conflicts of interest between the named class representatives and class members.

## D. **Adequacy of Representation**

36.    Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.    Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

## E. **Superiority of Class Action**

37.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.    Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.    Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

38.    Common issues predominate the employees' claims in that all claims arise out of Defendants' enforcement of its unlawful policies and practices.

-13-

CLASS ACTION COMPLAINT

39.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

5.     **DELAYED DISCOVERY**

40.     Defendants, as a prospective and actual employer of non-exempt, hourly employees, had a special fiduciary duty to disclose to prospective Plaintiff Classes the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon non-exempt, hourly employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay overtime and straight time hours actually worked and recorded on Defendants' punch records and the consequence of the alleged arbitration agreements on the employees and class as a whole.

41.     Plaintiff and Plaintiff Classes did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs discovered their claims.

### FIRST CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES UNDER THE FLSA

### [FLSA 29 USC §§ 203, 206, 207]

### (Against All Defendants)

42.     Plaintiff and the members of the Class (and subclasses) and the FLSA collective re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

43.     At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

-14-

44. Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective employees as part of their employment to work off the clock and for less than minimum wage under 29 U.S.C. § 206(a)(1). That Section provides the following:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(1) except as otherwise provided in this section, not less than—
(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
(B) $6.55 an hour, beginning 12 months after that 60th day; and
(C) $7.25 an hour, beginning 24 months after that 60th day;…

45. Plaintiff is informed and believes, and thereon alleges, that Defendants required Plaintiff and requires the FLSA collective employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which she is employed.

46. In the performance of their duties for Defendants, members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

47. Plaintiff estimates she was not paid at least two (2) hours of regular and/or overtime and/or double-time pay for the work period of May 7, 2017 to May 20, 2017. The precise number of unpaid wages and unpaid overtime hours will be proven at trial.

48. The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA collective employees. By failing to

CLASS ACTION COMPLAINT

1  record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA collective

2  employees, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

3        49.    Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class

4  Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and

5  to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. §

6  216(b), by filing written consents to joinder with the Court.

7        50.    Defendants' violations of the FLSA were willful within the meaning of the statue

8  and interpretive case law and decisions.

9        51.    Plaintiff seeks judgment against Defendants on her own behalf and on behalf of

10  those FLSA collective employees similarly situated who file written consents to joinder in this

11  action, for all unpaid wages, including minimum and overtime wages owed by Defendants,

12  pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as

13  liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29

14  U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent

15  jurisdiction by any one or more employees for and in behalf of herself or themselves and other

16  employees similarly situated."

17  **SECOND CAUSE OF ACTION**

18  **FAILURE TO PAY OVERTIME COMPENSATION**

19  **[CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]**

20  **(Against All Defendants)**

21        52.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate

22  by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

23        53.    This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class

24  and the subclasses thereof.

25        54.    In California, employees must be paid at least the then applicable state minimum

26  wage for all hours worked.

27        55.    California Labor Code § 1194 provides that "any employee receiving less than the

28  legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

CLASS ACTION COMPLAINT

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

56.    Employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law. More specifically, Labor Code § 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week.

57.    California Labor Code § 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

58.    At all times relevant hereto, the Labor Code requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

59.    Defendants, and each of them, have intentionally and improperly avoided payment of overtime wages in violation of the Labor Code and Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement, as described above. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employee employees to work through meal periods when they were required to be clocked out. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members, which resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

-17-

CLASS ACTION COMPLAINT

60.     At all times relevant hereto, Plaintiff and the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants.  During the relevant time period, Plaintiff and the Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices.  In addition to the other overtime payments Defendants failed to make for all off the clock work, Defendants have scheduled Plaintiff and the Class Members to occasionally work shifts for seven consecutive days in a row. However, Defendants followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

61.     Therefore, Plaintiff and the Class Members were not properly paid for all hours worked, including for the hours worked in excess of the maximum hours permissible by law under California Labor Code §§ 1194, 1197 and 1198 and the provisions of IWC Wage Orders and the applicable Code of Regulations sections.

62.     On information and belief, Plaintiff and the Class Members allege that Defendants followed an unlawful policy and practice of refusing to pay and failing to pay them for all wages earned in each pay period, including by requiring and compelling off the clock work, by failing to pay for overtime hours worked, and for the other reasons set forth in detail above.

63.     As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the Class Members' employment, Defendants intentionally failed to provide Plaintiff and the Class Members with all earned wages earned by and owed to them during the corresponding pay periods.  Defendants willfully violated the provisions of Labor Code § 1194, the applicable IWC Wage Orders, and California law by failing to properly pay Plaintiff and the Class the overtime pay that Plaintiff and the Class Members were due.

64.     Defendants' failure to pay Plaintiff and the Class Members all wages owed to them also violated California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), to

-18-

CLASS ACTION COMPLAINT

1   the extent their managers specifically instructed them that they were not entitled to receive

2   overtime under the California <u>Labor Code</u> and related provisions for off the clock work they were

3   required to perform.

4       65.    Plaintiff and the Class Members are informed and believe, and based upon that

5   information and belief therefore further allege, that Defendants knew or should have known that

6   Plaintiff and the Class did not qualify as exempt employees, and Defendants purposely elected not

7   to pay Plaintiff and the Class Members for their overtime labor performed.

8       66.    By virtue of the Defendants' unlawful failure to provide overtime pay to Plaintiff

9   and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to

10  suffer, damages in amounts which are presently unknown to them, but which exceed the

11  jurisdictional limits of this Court and which will be ascertained according to proof at trial.

12      67.    Plaintiff and the Class Members are informed and believe, and based upon that

13  information and belief allege, that Defendants, and each of them, purposely elected not to provide

14  overtime pay.

15      68.    As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the

16  Class Members' employment, Plaintiff and the Class Members were deprived of wages in

17  amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and

18  penalties thereon, attorneys' fees, and costs, for Defendants' violations of <u>Labor Code</u> § 510 and

19  applicable IWC Wage Order provisions.

20      69.    Defendants, and each of them, acted intentionally, oppressively and maliciously

21  toward Plaintiff and the Class Members with a conscious disregard of their rights, or the

22  consequences to Plaintiff and the Class Members, with the intent of depriving them of property

23  and legal rights and otherwise causing Plaintiff and the Class Members injury.

24      70.    Plaintiff, individually, and on behalf of members of the Class and Plaintiff Classes,

25  requests recovery of both straight time and overtime compensation according to proof, interest,

26  attorney's fees and costs pursuant to <u>Labor Code</u> § 1194(a), as well as the assessment of any

27  statutory penalties against these Defendants, and each of them, and any additional sums as

28  provided by the <u>Labor Code</u> and/or other statutes.

-19-

CLASS ACTION COMPLAINT

71.     Further, Plaintiff and the Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to <u>Labor Code</u> §§ 210 and 1194.

**THIRD CAUSE OF ACTION**

**<u>FAILURE TO PROVIDE MEAL PERIODS</u>**

[CALIFORNIA <u>LABOR CODE</u> §§ 226.7 and 512, and Paragraph 11 of Applicable IWC Wage Orders]

**(Against All Defendants)**

72.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

73.     This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class Members and the subclasses thereof.

74.     <u>Labor Code</u> §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes.

75.     <u>Labor Code</u> § 226.7 and paragraph 11 of the applicable IWC Wage Orders also provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

76.     Defendants failed to provide Plaintiff and the Class Members with meal periods as required by the <u>Labor Code</u>, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

77.     Defendants, and each of them, have intentionally and improperly denied meal periods to Plaintiff and the Class Members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders, along with other applicable regulations and statutes.

78.     At all times relevant hereto, Plaintiff and the Class Members have worked more than five (5) hours in a workday.

79.     At all times relevant hereto, the Defendants, and each of them, failed to provide

-20-

CLASS ACTION COMPLAINT

1   meal periods as required by <u>Labor Code</u> §§ 226.7 and 512 and paragraph 11 of the applicable

2   IWC Wage Orders.

3       80.   By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiff

4   and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to

5   suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the

6   jurisdictional limits of this Court and which will be ascertained according to proof at trial.

7       81.   Plaintiff and the Class Members are informed and believe, and based upon that

8   information and belief allege, that Defendants, and each of them, purposely elected not to provide

9   meal periods.

10      82.   Defendants, and each of them, acted intentionally, oppressively and maliciously

11   toward Plaintiff and the Class Members with a conscious disregard of their rights, or the

12   consequences to them, with the intent of depriving them of property and legal rights and otherwise

13   causing Plaintiff and the Class Members to suffer injury.

14      83.   Plaintiff, individually, and on behalf of the Class, requests recovery of meal period

15   compensation pursuant to <u>Labor Code</u> §§ 226.7 and paragraph 11 of the applicable IWC Wage

16   Orders, as well as the assessment of any statutory penalties against these Defendants, and each of

17   them, in a sum as provided by the <u>Labor Code</u> and other statutes.

18                      **FOURTH CAUSE OF ACTION**

19               <u>**FAILURE TO PROVIDE REST PERIODS**</u>

20    **[CALIFORNIA <u>LABOR CODE</u> §§ 226.7 and 512, and Paragraph 11 of Applicable IWC Wage**

21                             **Orders]**

22                       **(Against All Defendants)**

23      84.   Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by

24   reference the paragraphs previously alleged in this Complaint.

25      85.   <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders

26   provide that employers must authorize and permit all employees to take rest periods at the rate of

27   ten (10) minutes net rest time per three and a half (3.5) work hours.

28

-21-

CLASS ACTION COMPLAINT

86.    <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

87.    Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and the Class Members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.  Defendants failed to authorize and permit Plaintiff and the Class Members to take rest periods, as required by the <u>Labor Code</u>.

88.    At all times relevant hereto, Plaintiff and the Class Members, have worked more than three and a half hours in a workday.

89.    At all times relevant hereto, the Defendants, and each of them, failed to provide rest periods as required by <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders.

90.    By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiff and the Class Members, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiff and the Class Members but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

91.    Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff and the Class Members were entitled to rest periods and purposely elected not to provide them with rest periods.

92.    Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to Plaintiff and the Plaintiff Classes, with the intent of depriving Plaintiff and the Class of property and legal rights and otherwise causing the Plaintiff and the Class injury.

93.    Plaintiff, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to <u>Labor Code</u> §§ 226.7 and paragraph 12 of the

-22-

1 applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these

2 Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

### FIFTH CAUSE OF ACTION

### <u>FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS</u>

### [CALIFORNIA <u>LABOR CODE</u> § 226]

### (Against All Defendants)

7    94.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by

8 reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

9    95.    Throughout the liability period, Defendants intentionally failed to furnish to

10 Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately

11 showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of

12 piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions,

13 (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the

14 name of the employee and only the last four digits of his or her social security number or an

15 employee identification number other than a social security number, (8) the name and address of

16 the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay

17 period and the corresponding number of hours worked at each hourly rate by the employee

18 pursuant to <u>Labor Code</u> § 226, amongst other statutory requirements.

19    96.    As a result of Defendants' conduct, Plaintiff and the Class Members have suffered

20 injury in that, among other things, the lack of the required information hindered them from

21 determining the amount of wages owed to them and led them to believe they were not entitled to

22 be paid wages all hours worked, for overtime, missed meal and rest breaks, or for each hour of

23 labor they performed, for piece rates where applicable, and the properly hourly rate where

24 applicable, although they were so entitled.  The absence of accurate wage statements has

25 prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense

26 in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of

27 inaccurate information about wages and deductions from wages to state and federal government

28 agencies.  The entitlement of Plaintiff and the Class Members is to receive wage statements that

accurately list the total amount of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and the Class Members have thereby been injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. All Class Members have been similarly injured. As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injury because their legal right to receive accurate wage statements was violated.

97.    Labor Code § 226(a) requires Defendants "semimonthly or at the time each payment to wages" to furnish to Plaintiff and the Class Members "an accurate itemized statement in writing" showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226. Defendants knowingly and intentionally failed to provide Plaintiff and the Class Members with such timely and accurate wage and hour statements.

98.    Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the

1  employee during the pay period, (iii) The name and address of the employer and, (iv) The name of

2  the employee and only the last four digits of his or her social security number or an employee

3  identification number other than a social security number.  For purposes of Labor Code § 226(e)

4  "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be

5  able to readily ascertain the information without reference to other documents or information.

6      99.    Plaintiff and the Class Members suffered injury as a result of Defendants' knowing

7  and intentional failure to provide them with the wage and hour statements as required by law.

8      100.    Plaintiff and the Class Members are entitled to the amounts provided in Labor Code

9  § 226(e), plus costs and attorneys' fees.

10  **SIXTH CAUSE OF ACTION**

11  **FAILURE TO PAY WAGES FOR HOURS WORKED**

12  **[CALIFORNIA LABOR CODE §§ 1194, 1197, 1197.1 and 558]**

13  **(Against All Defendants)**

14      101.    Plaintiff and the Members of the Class re-allege and incorporate by reference, as

15  though fully set forth herein, the paragraphs previously alleged in this Complaint.

16      102.    Plaintiff brings these claims under California Labor Code §§ 1194, 1197, 1197.1

17  and IWC Wage Orders 4-2001 and 9-2001, as amended.

18      103.    California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission

19  Wage Orders 4-2001 and 9-2001 entitle non-exempt employees to an amount equal to or greater

20  than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed

21  rate and no part of this rate may be used as a credit against a minimum wage obligation.

22      104.    Defendants did not and does not compensate Plaintiff and other hourly employees

23  for time spent off the clock during lunch or after hours responding to calls, texts, emails and other

24  work-related inquiries.  This work was known or should have been known by Defendants as

25  management are and were requesting the off the clock work and receiving the work-related

26  communications.

27      105.    As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and

28  Industrial Welfare Commission Wage Orders 4-2001 and 9-2001, for failure to pay minimum

1   wage, Defendants liable for attorneys' fees and costs, civil penalties pursuant to California <u>Labor</u>

2   <u>Code</u> §§ 558, 1197.1, and 2698 et seq. and other relief.

3       106.    California <u>Labor Code</u> § 1194 provides that "any employee receiving less than the

4   legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

5   recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

6   compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action

7   may be maintained directly against the employer in an employee's name without first filing a

8   claim with the Department of Labor Standards and Enforcement.

9       107.    At all times relevant hereto, the <u>Labor Code</u> requirements and paragraph 3 of the

10  applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-

11  half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty

12  (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work

13  in a work week.

14      108.    Defendants, and each of them, have intentionally and improperly rounded,

15  changed, adjusted and/or modified certain employees' hours, including Plaintiff's, to avoid

16  payment of overtime wages and other benefits in violation of the California <u>Labor Code</u> and

17  California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division

18  of Labor Standards and Enforcement.    Defendants have also violated these provisions by

19  requiring Plaintiff and other similarly situated non-exempt employees to work through meal

20  periods when they were required to be clocked out or to otherwise work off the clock to complete

21  their daily job duties.

22      109.    Defendants, and each of them, have also intentionally and improperly rounded,

23  changed, adjusted, underpaid, and/or modified certain employees' hours, including by requiring

24  off the clock work, requiring work to be performed while on breaks, and by not properly paying

25  employees all overtime hours they worked and reported, and imposed difficult to attain job and

26  scheduling requirements on Plaintiff and the Class Members. This resulted in an underpayment of

27  wages to employees over a period of time while benefiting Defendants.

28      110.    During the relevant time period, Plaintiff and the Class Members were not fully

-26-

CLASS ACTION COMPLAINT

1   paid for all the hours they worked in excess of eight (8) hours in a day, and/or in excess of forty

2   (40) hours in a week as a result of Defendants' above described policies and practices. Therefore,

3   Plaintiff and the Class Members were not properly paid for all of their overtime work. Defendants

4   also followed a policy and practice of further denying overtime payments to Plaintiff and the

5   Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the

6   seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular

7   rate for hours worked over eight (8) on the seventh consecutive work day, as required under the

8   Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

9       111.    During the relevant time period, Defendants willfully failed to pay all regular and

10   overtime wages owed to Plaintiff and the Class Members.

11      112.    Defendants' failure to pay Plaintiff and the Class Members the unpaid balance of

12   regular wages owed and overtime compensation, as required by California law, violates the

13   provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

14      113.    Labor Code § 558(a) provides "any employer or other person acting on behalf of an

15   employer who violates, or causes to be violated, a section of this chapter or any provisions

16   regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as

17   follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period

18   for which the employee was underpaid in addition to an amount sufficient to recover underpaid

19   wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid

20   employee for each pay period for which the employee was underpaid in addition to an amount

21   sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid

22   to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this

23   section are in addition to any other civil or criminal penalty provided by law."

24      114.    Defendants have violated provisions of the Labor Code regulating hours and days

25   of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class Members seek the

26   remedies set forth in Labor Code § 558.

27      115.    Upon information and belief, Plaintiff alleges that Defendants' policy of failing to

28   pay employees for all hours worked whether regular time or overtime violates the Labor Code and

-27-

CLASS ACTION COMPLAINT

1    IWC Wage Orders. Pursuant to <u>Labor Code</u> § 1194, Plaintiff and the Class Members are entitled

2    to recover their unpaid wages owed, including their regular wages and overtime compensation, as

3    well as interest, costs and attorney's fees.

4                       **SEVENTH CAUSE OF ACTION**

5    **<u>FAILURE TO PAY WAGES AT LEAST TWICE IN A CALENDAR MONTH</u>**

6                       [CALIFORNIA <u>LABOR CODE</u> § 204]

7                       **(Against All Defendants)**

8         116.   Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and

9    incorporate by reference the paragraphs previously alleged in this Complaint

10        117.   <u>Labor Code</u> § 204 instructs all wages are due and payable twice each calendar

11   month.

12        118.   The wages required by <u>Labor Code</u> § 1194 and other sections became due and

13   payable to each employee in each pay period that he or she was not provided with a meal period

14   or rest period or paid straight or overtime wages to which he or she was entitled.

15        119.   Defendants violated <u>Labor Code</u> § 204 by systematically refusing to pay wages due

16   under the <u>Labor Code</u>.

17        120.   As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to

18   represent has been deprived of wages in amounts to be determined at trial, and is entitled to

19   recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant

20   to <u>Labor Code</u> §§ 210, 218.5 and 1194.

21                       **<u>EIGHTH CAUSE OF ACTION</u>**

22               **<u>FAILURE TO REIMBURSE BUSINESS EXPENSES</u>**

23                       [CALIFORNIA <u>LABOR CODE</u> §§ 2800-2802]

24                       **(Against all Defendants)**

25        121.   Plaintiff and members of the Class (and subclasses) re-allege and incorporate by

26   reference the paragraphs above, with the same force and effect as if set forth herein in full.

27        122.   Plaintiff and the Class are informed and believe and based thereon allege that

28   throughout the period applicable, Defendants were required to pay for lawful and necessary work-

-28-

CLASS ACTION COMPLAINT

related expenses incurred by their employees. Plaintiff and the Class Members were also often required to incur such expenses, including for use of their personal cellular phones and data, in performing their daily job duties and such expenses were necessary for performing those duties. Plaintiff and the Class Members were not reimbursed for those lawful and necessary work-related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders and sections of the California Code of Regulations.

123.    Defendants' knowing and willful failure to reimburse lawful necessary work-related expenses and losses to Plaintiff and the Class Members resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work-related expenses. As Defendants failed to inform and misled Plaintiff and the Class Members with regard to their rights, Plaintiff and the Class Members were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment status.

124.    Therefore, Plaintiff and the Class Members are entitled to reimbursement for any and all necessary work-related expenses, as provided for in Labor Code § 2802(b), incurred during the direct discharge of their duties while employed by Defendants as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class Members incurred those expenses. Further, Plaintiff and the Class Members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

## NINTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT

#### [CALIFORNIA LABOR CODE §§ 201-203]

#### (Against All Defendants)

125.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

CLASS ACTION COMPLAINT

126.    Plaintiff and many of the Class Members quit or were discharged from their employment with Defendants within the applicable statute of limitations.

127.    However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation or premium pay referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

128.    Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty (30) days' wages for each employee. Because none of the employees were ever paid all earned overtime wages to which they were entitled, and as referred to in this Complaint, each of these employees is entitled to thirty (30) days of wages.

### TENTH CAUSE OF ACTION

### FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES

### [CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, et seq.]

### (Against All Defendants)

129.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

130.    This claim is brought by Plaintiff, on behalf of herself and on behalf of the Class and the subclasses thereof.

131.    At all times relevant hereto, from time to time, the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have had their hours adjusted, changed, underpaid, and/or modified to not reflect their actual number of hours worked per day and per pay period, including by Defendants' failure to pay for all overtime hours worked at the appropriate rate of pay and by requiring off the clock work before and after work shifts.

132.    At all times relevant hereto, from time to time, Plaintiff and aggrieved employees have worked more than eight (8) hours in a workday and/or more than forty (40) hours in a

1  workweek, as employees of Defendants. The representative Plaintiff herein and members of the

2  Class have not been paid overtime, or have not been paid overtime at the appropriate rates, for all

3  hours worked on and after a seventh consecutive work shift.

4      133.    At all times relevant hereto, from time to time, Plaintiff and the Class Members

5  have been denied meal breaks by Defendants.

6      134.    At all times relevant hereto, from time to time, Plaintiff and the Class Members

7  have been denied rest breaks by Defendants.

8      135.    Defendants, and each of them, are "persons" as defined under of Business &

9  Professions Code § 17021.

10     136.    Since at least four years prior to the present Complaint filing and at all times

11  relevant hereto, by and through the conduct described herein, the Defendants have engaged in

12  unfair, unlawful and fraudulent business practices, in violation of California Business &

13  Professions Code §§ 17200, et seq., and have thereby deprived Plaintiff, and all persons in

14  interest, of fundamental rights and privileges guaranteed to all employees under California law.

15     137.    Defendants own, operate and manage facilities in California which provide

16  services in California to the public as defined in of Business & Professions Code §§ 17022 and

17  17024.

18     138.    Defendants, as set forth in this Complaint, supra, engaged in false, unfair and

19  misleading business practices, consisting of acts and omissions that include, but are not limited to:

20          (a)    The fact that Defendants adjusted, altered, underpaid and/or changed time

21                 and/or pay schedules to reflect that employee Class Members had not

22                 worked all straight time and overtime hours;

23          (b)    The fact that Defendants required non-exempt, hourly employees to work

24                 more than five (5) hour shifts without a thirty (30) minute meal period;

25          (c)    The fact that Defendants required non-exempt, hourly employees to work

26                 more than three and a half (3.5) hour shifts without a ten (10) minute rest

27                 period;

28          (d)    The fact that Defendants required non-exempt, hourly employees to work

-31-

**CLASS ACTION COMPLAINT**

more than five (5) hours per week without a thirty (30) minutes rest period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

(e)  The fact that Defendants kept no detailed records of non-exempt, hourly employees' actual daily work activities, in part, to prevent Plaintiff and Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

(f)  The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class for all hours worked.

(g)  The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class twice monthly for all hours worked.

(h)  The fact that Defendants failed to pay Plaintiff and Plaintiff Classes all business expenses incurred in the discharge of their duties;

(i)  The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class upon termination of employment.

(j)  The fact that Defendants failed to pay all earned wages to Plaintiff and the Plaintiff Class twice monthly.

(k)  The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of Business & Professions Code § 17200.

139.  Defendants, and each of them, have underreported to state authorities, wages earned by non-exempt, hourly employees and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under of Business & Professions Code §§ 17000, *et seq.* and 17200, *et seq.*

CLASS ACTION COMPLAINT

140.    Pursuant to of <u>Business & Professions Code</u> §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

141.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading. Non-exempt, hourly employees, including Plaintiff and Plaintiff Classes are likely to be deceived by these practices.

142.    As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were able to unfairly compete with other facilities in the state of California by not paying overtime and wages in violation of <u>Business & Professions Code</u> Chapters 4 and 5, et al. Due to this unfair business practice, Defendants have been able to charge lower prices for its services than the prices charged by other comparable entities doing business in the state of California.

143.    The victims of this unfair business practice include, but are not limited to, all non-exempt, hourly employees of Defendants, competitors of Defendants in the state of California, and the general public.

144.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

145.    By and through the conduct described above, Plaintiff, and all non-exempt, hourly employees, has been deprived of the right to be paid all wages earned, including meal and rest premiums and overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of <u>Labor Code</u> §§ 200-203, 204, 226.7, 1197, 1198, et seq.

146.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, has obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all non-exempt, hourly

-33-

CLASS ACTION COMPLAINT

1   employees of valuable rights and benefits guaranteed by law, all to their detriment.

2       147.   Plaintiff and the Class have injury-in-fact as a result of Defendants' conduct.

3   Moreover, Plaintiff and the Class have lost money as a direct result of Defendants' unfair,

4   unlawful, deceptive and fraudulent conduct.

5       148.   All of the acts described herein as violations of, among other things, the California

6   Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of

7   public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous,

8   and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of

9   California Business & Professions Code §§ 17200, et seq.

10       149.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is entitled

11   to, and does seek such relief as may be necessary to disgorge the profits which the Defendants

12   have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair,

13   unlawful and/or fraudulent business practices.  Plaintiff, and the members of the Plaintiff Classes,

14   is not obligated to establish individual knowledge of the unfair practices of Defendants in order to

15   recover restitution.

16       150.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further

17   entitled to and does seek a declaration that the above described business practices are unfair,

18   unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them,

19   from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices

20   in the future.

21       151.   Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no

22   plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a

23   consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result

24   of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the

25   Plaintiff Class have suffered and will continue to suffer irreparable harm unless the Defendants'

26   and each of them, are restrained from continuing to engage in said unfair, unlawful and/or

27   fraudulent business practices.

28

CLASS ACTION COMPLAINT

152.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages to non-exempt, hourly employees. In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

153.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly employees from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

154.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, et seq.

155.    As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the restitution of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code Civil Procedure § 1021.5.

## PRAYER

**WHEREFORE**, the PLAINTIFF DEMANDS and JURY TRIAL and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**:

    (a)    For Facilitated Notice under 29 USC § 216(b);

    (b)    For compensation, pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, et seq.

    (c)    Conditional and Final Certification of a Collective Action;

    (d)    For interest on any compensatory damages; and

    (e)    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

CLASS ACTION COMPLAINT

**ON THE SECOND CAUSE OF ACTION:**

    (a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs as allowed by law.

**ON THE THIRD CAUSE OF ACTION:**

    (a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

    (d)    For attorneys' fees and costs.

**ON THE FOURTH CAUSE OF ACTION:**

    (a)    For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs.

**ON THE FIFTH CAUSE OF ACTION:**

    (a)    For statutory penalties;

    (b)    For compensatory damages and interest thereon for actual harm caused;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs as allowed by law.

**ON THE SIXTH CAUSE OF ACTION:**

    (a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs as allowed by law.

**ON THE SEVENTH CAUSE OF ACTION:**

    (a)    For statutory penalties; and

    (b)    For attorneys' fees and costs as allowed by law.

**ON THE EIGHTH CAUSE OF ACTION:**

    (a)    For actual expenses incurred as allowed by Labor Code § 2802

    (b)    For special damages;

    (c)    For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs.

**ON THE NINTH CAUSE OF ACTION:**

    (a)    For statutory penalties, including 30 days of pay for each employee not timely paid wages upon termination;

    (b)    For penalty enhancements for willful conduct;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs.

**ON THE TENTH CAUSE OF ACTION:**

    (a)    For the equitable, injunctive and declaratory relief;

    (b)    Treble damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

CLASS ACTION COMPLAINT

(d)    For disgorgement of profits.

**ON ALL CAUSES OF ACTION:**

(a)    For reasonable attorneys' fees;

(b)    For costs of suit; and,

(c)    For such other and further relief as this Court may deem just and proper.

Dated: October 12, 2017                    **QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II
ALVIN B. LINDSAY,
GEORGE A. ALOUPAS
Attorneys for Plaintiff MICHELLE MASON
individually and on behalf of all other
employees similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated: October 12, 2017                    **QUINTILONE & ASSOCIATES**

By: _____
RICHARD E. QUINTILONE II
ALVIN B. LINDSAY,
GEORGE A. ALOUPAS
Attorneys for Plaintiff MICHELLE MASON
individually and on behalf of all other
employees similarly situated

-38-

**CLASS ACTION COMPLAINT**